# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**THOMAS KURTZ,**
**INMATE # 23-B-2545,**
**a.k.a. T. SHAY,**
**a.k.a. T. SCHUMACHER,**
**a.k.a. T. SHORT,**
**GATOR CONSTRUCTION,**

    **Plaintiffs,**

vs.                                                                                                       Case No.  1:24cv011-AW-MAF

**SERGEANT WILCOX, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    This case was initiated on January 19, 2024, with the submission of a handwritten complaint. ECF No. 1. The filing fee was not paid at the time of submission, nor was a motion filed requesting leave to proceed in forma pauperis. There is no need to provide additional time for that deficiency to be corrected because of other problems with this case.

    First, the list of parties in this case is unclear and incomprehensible. At one point the complaint lists the same persons as both Plaintiffs and

Defendants. ECF No. 1 at 2. That is improper. At another point in the complaint, it appears that persons employed at various jail or prison facilities are intended to be Defendants. *Id.* at 1. In addition, Plaintiff provides multiple names for himself as Plaintiff, and it appears these are "also known as" names and not multiple persons. *Id.* The complaint is not clear in identifying the parties.

Second, the complaint does not present a statement of factual allegations that are discernable. Instead, the complaint provides conclusory assertions of the basis for this case, but lacks a statement of facts showing how, when, where, or who violated Plaintiff's rights. That is insufficient and does not comply with Federal Rule of Civil Procedure 8(a).

Moreover, it appears that this case has been improperly filed in the wrong venue. Plaintiff Thomas Kurtz is incarcerated in New York. ECF No. 1 at 8. It appears that various prison or jail officials are intended to be Defendants, and all are located at facilities in New York. ECF No. 1 at 1.

Venue for civil cases is governed by 28 U.S.C. § 1391(b), which specifies that venue is proper: (1) in any judicial district in which any defendant resides, (2) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is

no district in which any action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b)(1)–(3). None of those provisions are applicable. Therefore, venue is not proper in the Northern District of Florida.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the complaint is deficient, there is no need to transfer this case. Rather, this case should be dismissed pursuant to § 1406(a).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice because venue is not appropriate in the State of Florida.

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2024.

        S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 1:24cv011-AW-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:24cv011-AW-MAF